IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

In the Matter of the Tax Indebtedness of: )
)
JANICE T. LING, )
)
) Case No. 18-cv-3173
Respondent. )
)

**PETITION FOR JUDICIAL APPROVAL
OF A LEVY UPON A PRINCIPAL RESIDENCE**

Petitioner, United States of America, by and through undersigned counsel, petitions this Court for an order approving an administrative levy by the Internal Revenue Service ("the IRS") upon the principal residence of Respondent Janice T. Ling ("the Respondent"). In support of this Petition, the United States submits the accompanying Declaration of Revenue Officer Janice Shain ("Shain Declaration"), attached hereto as **Exhibit A**, and asserts the following:

1. This action has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, in accordance with 26 U.S.C. § 6334(e)(1)(B).

2. This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. §§ 1331 and 1340, and 26 U.S.C. §§ 6334(e)(4) and 7402(a).

3. Venue is proper in the Western District of Missouri under 28 U.S.C. § 1396.

4. The Internal Revenue Code ("the Code") authorizes the IRS to levy upon a taxpayer's property, or rights to property, to collect an unpaid tax liability. *See* 26 U.S.C. § 6331. The Code allows the IRS to administratively levy upon property that a taxpayer uses as a principal residence (as that term is used in 26 U.S.C. § 121), as long as such levy is first

approved in writing by a United States District Court Judge or Magistrate Judge and the amount of the taxpayer's liability exceeds $5,000.00. *See* 26 U.S.C. §§ 6334(a)(13)(B) and (e)(1); *see also* 26 C.F.R. § 301.6334-1(d).

5. By this Petition, the United States seeks Court approval to levy upon Respondent's interest in the real property located at 4612 E. Farm Road 116 in Springfield, Missouri 65802 ("the Property"). The Property is within this Court's jurisdiction and is legally described as follows:

> All beginning at the Northeast corner of the West half (W ½) of the Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼) of Section Eleven (11), Township Twenty-nine (29). Range Twenty-one (21), Green County, Missouri, thence West 330 feet, thence South 660 feet, thence East 330 feet, thence North 660 feet to the beginning, except any part taken, deeded, or used for road or highway purposes.

6. The Respondent resides at and holds legal title to the Property. The Property is the Respondent's principal residence. (Shain Declaration ¶ 4).

7. To obtain approval from the Court to administratively levy on the Property, the United States must demonstrate that:

   a. The Respondent's underlying tax liability has not been satisfied;

   b. The requirements of any applicable law or administrative procedure relevant to the levy have been met; and

   c. No reasonable alternative for the collection of the Respondent's debt exists. *See* 26 C.F.R. § 301.6331-1(d)(1).

8. This action arises out of the Respondent's liability, as sole proprietor of her farm, for employment taxes as well as a civil penalty assessed against her pursuant to 26 U.S.C § 6721.

9. For tax years 2009, 2010, 2011, 2012, and 2013, Respondent filed Forms 943 (Employer's Annual Federal Tax Return for Agricultural Employees) but did not pay the tax in

full as reported. For tax years 2014 and 2015, Respondent did not file Forms 943. On the dates and in the amounts set forth below on Table A, a delegate of the Secretary of Treasury made the following assessments:

**Table A: Janice T. Ling - Employment Tax Liabilities (Form 943)**

| Tax Year | Date Assessed | Tax/Penalty Assessed | Balance Due as of 06/07/2018[1] |
|---|---|---|---|
| 2009 | 07/28/2014 | $6,361.97 | $11,774.85 |
| 2010 | 07/28/2014 | $11,635.56 | $17,175.75 |
| 2011 | 07/07/2014 | $11,925.10 | $17,554.57 |
| 2012 | 07/07/2014 | $15,726.39 | $22,025.64 |
| 2013 | 07/07/2014 | $22,640.77 | $31,067.69 |
| 2014 | 12/19/2016 | $33,519.39 | $43,977.41 |
| 2015 | 12/19/2016 | $39,242.20 | $48,502.18 |
| | | Total: | **$192,078.09** |

(Shain Declaration ¶ 5).

10. On the date and in the amount set forth below on Table B, a delegate of the Secretary of Treasury made the following civil penalty assessment for failure to file Forms W-2 for 2013:

**Table B: Janice T. Ling – Civil Penalty (26 U.S.C. § 6721)**

| Tax Period | Date Assessed | Penalty Assessed | Balance Due as of 06/07/2018[2] |
|---|---|---|---|
| 12/31/2013 | 09/19/2016 | $6,753.94 | $7,246.60 |
| | | Total: | **$7,246.60** |

(Shain Declaration ¶ 6).

11. On or about the dates of the assessments, set forth in Tables A and B, notices of the above-described assessments and demands for payment were given to Respondent. (Shain Declaration ¶ 7).

12. Despite notice and demand, Respondent failed to pay the liability in full. *Id.*

---

[1] Total as of June 7, 2018 is net balance after payments, accruals and costs.
[2] Total as of June 7, 2018 is net balance after payments, accruals and costs.

13. In accordance with 26 U.S.C. §§ 6321 and 6322, by virtue of the assessments described above, federal tax liens arose on all property and rights to property belonging to the Respondent, including the Property.

14. As of June 7, 2018 Janice T. Ling, as sole proprietor, owes the United States **$199,324.69** for nonpayment of employment taxes for the 2009, 2010, 2011, 2012, 2013, 2014, and 2015 tax years and a civil penalty assessed pursuant to 26 U.S.C. § 6721 for the tax period ending December 31, 2013. Statutory additions continue to accrue on these amounts. (Shain Declaration ¶ 7).

15. On or about November 20, 2015, the IRS issued a Final Notice of Intent to Levy, pursuant to 26 U.S.C. §§ 6330 and 6331, to the Respondent with respect to the Respondent's unpaid federal employment tax liabilities for tax years 2009 through 2013. (Shain Decl. ¶ 8).

16. On or about November 23, 2015, the IRS filed a Notice of Federal Tax Lien with the Greene County Recorder in Springfield, Missouri against the Respondent with respect to her outstanding federal employment tax liabilities for tax years 2009 through 2013. (Shain Decl. ¶ 8).

17. On or about November 15, 2016, the IRS filed a Notice of Federal Tax Lien with the Greene County Recorder in Springfield, Missouri against the Respondent with respect to the penalty assessed against her pursuant to 26 U.S.C. § 6721. (Shain Decl. ¶ 8).

18. On or about February 7, 2017, the IRS filed a Notice of Federal Tax Lien with the Greene County Recorder in Springfield, Missouri against the Respondent with respect to her outstanding federal employment tax liabilities for tax years 2014 and 2015. (Shain Decl. ¶ 8).

19. The IRS has exhausted all reasonable alternative means of collecting the Respondent's tax debt, and no reasonable alternatives exist to satisfy the Respondent's unpaid

tax liabilities. (Shain Declaration ¶¶ 8-9).

20. The IRS has satisfied all legal requirements and administrative procedures applicable to levy the Property. (Shain Declaration ¶ 8).

**WHEREFORE,** the Petitioner, United States of America, prays for the following relief:

A. This Court enter the attached Notice and Order to Show Cause; and

B. If a written Objection to Petition is timely filed, the Court set a hearing date for this matter, at which only the objections raised in writing addressing the three elements in paragraph 7, above, shall be considered, and after which the Court may enter a further order approving the administrative levy on the Property, to be executed by any authorized officer of the IRS.

Dated: June 7, 2018
TIMOTHY A. GARRISON
Acting United States Attorney

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Julian T. A. Lee*
JULIAN T. A. LEE
NY Bar Number: 4523684
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
202-307-6140 (o)
202-514-6770 (f)
Julian.Lee@usdoj.gov
*Attorney for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

In the Matter of the Tax Indebtedness of: )
)
JANICE T. LING, )
) 
) Case No.
Respondent. )
_____)

**DECLARATION IN SUPPORT OF PETITION FOR JUDICIAL
APPROVAL OF LEVY ON PRINCIPAL RESIDENCE**

I, Janice Shain, pursuant to the provisions of 28 U.S.C. § 1746 and in support of the United States' Petition for Judicial Approval of Levy on Principal Residence, declare that:

1. I am employed as a Revenue Officer in the Collection Division of the Internal Revenue Service ("IRS").

2. In my capacity as a Revenue Officer, I am assigned to collect unpaid employment tax liabilities reported on Forms 943 of sole proprietor Janice T. Ling ("the Respondent") for the 2009, 2010, 2011, 2012, 2013, 2014, and 2015 tax years and a civil penalty assessed pursuant to 26 U.S.C. § 6721 for the tax period ending December 31, 2013. I have access to the IRS records concerning the Respondent's outstanding employment tax liabilities and civil penalty described above.

3. The IRS seeks court permission to levy on real property located at 4612 E. Farm Road 116 in Springfield, Missouri 65802 ("the Property"). The description of the Property is as follows:

> All beginning at the Northeast corner of the West half (W ½) of the Southwest Quarter (SW ¼) of the Northeast Quarter (NE ¼) of Section Eleven (11), Township Twenty-nine (29). Range Twenty-one (21), Green County, Missouri,

1

16535635.4

Case 6:18-cv-03173-MDH   Document 1-1   Filed 06/07/18   Page 1 of 5

thence West 330 feet, thence South 660 feet, thence East 330 feet, thence North 660 feet to the beginning, except any part taken, deeded, or used for road or highway purposes.

4. I have examined the real property records at the Greene County Recorder in Springfield, Missouri. On May 23, 1989, the Respondent acquired the Property with her husband, Alton James Ling, as tenants by the entirety via warranty deed. On March 24, 2009, Mr. Ling died. After Mr. Ling's death, Respondent is the sole owner of the Property. The Property is the Respondent's principal residence within the meaning of 26 U.S.C. § 121. I am not aware of any other individuals living at the residence.

5. The IRS' records show that on the dates and in the amounts set forth below on Table A, a delegate of the Secretary of Treasury made the following assessments listed below on Table A. Further statutory additions have accrued since the assessment date and will continue to accrue until payment in full:

**Table A: Janice T. Ling - Employment Tax Liability (Form 943)**

| Tax Year | Date Assessed | Tax/Penalty Assessed | Balance Due as of 06/07/2018[1] |
|---|---|---|---|
| 2009 | 07/28/2014 | $6,361.97 | $11,774.85 |
| 2010 | 07/28/2014 | $11,635.56 | $17,175.75 |
| 2011 | 07/07/2014 | $11,925.10 | $17,554.57 |
| 2012 | 07/07/2014 | $15,726.39 | $22,025.64 |
| 2013 | 07/07/2014 | $22,640.77 | $31,067.69 |
| 2014 | 12/19/2016 | $33,519.39 | $43,977.41 |
| 2015 | 12/19/2016 | $39,242.20 | $48,502.18 |
| | | Total: | $192,078.09 |

6. The IRS' records show that on the following date, a delegate of the Secretary of the Treasury made the following civil penalty assessment under 26 U.S.C. § 6721 for failure to file Forms W-2, including statutory additions, listed below on Table B against the Respondent.

---

[1] Total as of June 7, 2018 is net balance after payments, accruals and costs.

Further statutory additions have accrued since the assessment date and will continue to accrue until payment in full:

**Table B: Janice T. Ling – Civil Penalty (26 U.S.C. § 6721)**

| Tax Period | Date Assessed | Penalty Assessed | Balance Due as of 06/07/2018[2] |
|---|---|---|---|
| 12/31/2013 | 09/19/2016 | $6,753.94 | $7,246.60 |
| | | Total: | $7,246.60 |

7. Notices of the assessments, set forth in Tables A and B, and demands for payment were given to the Respondent on or about the dates of each of the assessments identified above. Despite notice and demand for payment, the Respondent has failed to pay these liabilities in full. As of June 7, 2018, the Respondent is indebted to the United States in the amount of **$199,324.69**, plus statutory additions that have accrued since that date and will continue to accrue until payment in full.

8. The IRS has followed the requirements of all applicable law and administrative procedures relevant to a levy on the Property. These procedures include, but are not limited to:

a. Providing notice to the Respondent of the assessments and making demands for payment as required by 26 U.S.C. § 6303 on or about the date of the assessments referred to in paragraphs 5 and 6.

b. Giving notice to the Respondent, individually, that on or about November 23, 2015, November 15, 2016, and February 7, 2017, the IRS filed Notices of Federal Tax Lien at the Greene County Recorder in Springfield, Missouri, in favor of the United States on all property and rights to property belonging to the Respondent, for the amount of her taxes and penalties owed and statutory additions and costs that may accrue;

---

[2] Total as of June 7, 2018 is net balance after payments, accruals and costs.

c.  Providing notice to the Respondent of the IRS's intent to levy and providing notice to the Respondent of her right to an administrative hearing prior to the levy as required by 26 U.S.C. § 6331(d); and

d.  Making a thorough investigation of the status of the Property, as required by 26 U.S.C. § 6331(j), including reaching a determination that the equity in the Property is sufficient to yield net proceeds from a sale to be applied to the Respondent's tax liabilities. This determination is based on a contemporaneous appraisal of the Property. Specifically:

   i. According to the Greene County Assessor's Office, the assessed value of the Property is $100,000. The Property's reduced forced-sale value – which takes into consideration other factors that may depress the property's value – is $60,000. This value is based on a 40% reduction used by an IRS Property Appraisal and Liquidation Specialist. The IRS anticipates incurring $1,000 in expenses to sell the Property.

   ii. The Respondent owns the entire interest in the Property. A warranty deed was recorded on May 23, 1989. Except for unpaid real estate taxes, the property appears to be unencumbered by any deed of trust, mortgage, state tax lien, or the like.

9.  The IRS issued levies to all known sources with minimal results. These levies included a wage levy to Rob Thom Farms, LLC; however, it was not honored. The IRS has sought to collect from other assets owned by the Respondent, but no reasonable alternative exists to satisfy the Respondent's unpaid federal tax liabilities described above.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed in Kansas City, Missouri on this  7th  day of   June  , 2018

_____
Janice Shain
Revenue Officer, IRS
2345 Grand Blvd., Suite 301
Kansas City, MO 64108

JS 44 (Rev 09/10)

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

| **Plaintiff(s):** | **Defendant(s):** |
|---|---|
| First Listed Plaintiff: | First Listed Defendant: |
| United States of America ; | Janice T. Ling ; |
| **County of Residence:** Outside This District | **County of Residence:** Outside This District |

**County Where Claim For Relief Arose:** Greene County

**Plaintiff's Attorney(s):**
Trial Attorney Julian Todd Lee ( United States of America)
U.S. Department of Justice Tax Division
P.O. Box 7238
Washington, DC 20044
**Phone:** 2023076140
**Fax:** 2025146770
**Email:** Julian.Lee@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
    **Plaintiff:** N/A
    **Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 870 Tax Suits (U.S. a party)
**Cause of Action:** 26 U.S.C. 6334 - The petition seeks the Court's approval of a levy upon Janice T. Ling's principal residence.
**Requested in Complaint**
    **Class Action:** Not filed as a Class Action
    **Monetary Demand (in Thousands):**
    **Jury Demand:** Yes
    **Related Cases:** Is NOT a refiling of a previously dismissed action

Case 6:18-cv-03173-MDH   Document 1-2   Filed 06/07/18   Page 1 of 2

**Signature:** /s/ Julian T. A. Lee

**Date:** June 7, 2018

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit it with your new civil action.